1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

9   UNITED STATES OF AMERICA,                )
                                             )
10          Plaintiff,                       )          2:07-cr-0150 RCJ-RJJ
                                             )
11                                           )     REPORT &   RECOMMENDATION
    vs.                                      )       OF UNITED STATES
12                                           )       MAGISTRATE JUDGE
                                             )     (Defendant's Motion to Suppress #20)
13   MARK DAVID CHANLEY,                      )
                                             )
14          Defendant.                       )

15          This matter was submitted to the undersigned Magistrate Judge on Defendant Mark David

16   Chanley's Motion to Suppress (#20).  The Court has considered the Defendant's Motion to Suppress

17   (#20), and the Government's Response (#23).

18                                    **BACKGROUND**

19          On July 11, 2007, a federal grand jury issued an indictment charging Mark David Chanley

20   with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), one count

21   of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one forfeiture

22   allegation pursuant to 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B).  The indictment was the result

23   of child pornography found at Defendant's residence after a search warrant was executed by law

24   enforcement officers on May1, 2007.

25          On March 28, 2007, Detective Gillis of the Henderson Police Department was contacted by

26   Henry Ybarra of the Mental Health Department of the Arkansas Valley Correctional Facility located

27   in Crowley, Colorado. Ybarra informed Gillis that Jerry M. Weir, an inmate, was receiving mail

28   from Marco Donatonelli Cianciulli at the address of 516 Mona Lane, Henderson, Nevada 89015.

1    Marco Donatonelli Cianciulli is an alias for Defendant, Mark David Chanley.    The correspondence

2    occurring between Chanley and Weir included information about young boys.

3        In one letter Chanley sent Weir, Defendant sent ten pictures of a male child under the age of

4    ten lying on a bed, dressed only in underwear, which Gillis considered child erotica..    In another

5    letter, the Defendant sent Weir 25 pictures of young boys, indicating that the pictures where part of

6    his collection of pictures, and that  he used a pay site to obtain them.    In the letter, Chanley stated

7    that he was residing with his sister and was using her connectivity and personal computer to gain

8    access to the Internet.    Chanley asked whether Weir wanted something downloaded for him.    In a

9    third letter, Chanley talked about a road trip where he took pictures of "cuties" or young boys he saw

10    on his trip.    In this letter, he also talked about his efforts to obtain empty seats near children traveling

11    alone in a passenger train compartment near him.    Moreover, Chanley stated that he traveled to

12    Washington state to obtain film, camera equipment, photography gear, studio lighting, computer

13    equipment and items to enable him to develop film and create "a confidential printing facility for

14    folks," "No questions asked," for others to share his taste for pictures of children and young boys.

15        Gillis' investigation showed that Chanley was a registered sex offender for Sexual Assault

16    on a Child, and that he was registered to live at the same address from which the Cianciulli letters

17    were sent.    Gillis learned that the Defendant was arrested on January 1, 1994, for Sexual Assault on

18    a Child in the Denver, Colorado area.    He plead guilty to one count  and was sentenced to eight years

19    in prison.    Based on this information, and Gillis' prior training and experience, a probable cause

20    affidavit was prepared along with an application for a search warrant petitioning the court to search

21    the premises located at  516 Mona Lane, Henderson, Nevada 89015.    The search warrant was then

22    issued by a neutral and detached judge.

23        The search warrant was executed on Chanley's residence on May 1, 2007.    Law enforcement

24    officers found, in the Defendant's room, folders containing male children in various poses, including

25    ten printed pages containing images of nude young boys, constituting child pornography.    Images

26    of the same young boy that the Defendant sent to Weir were also found in Chanley's room.    A

27    computer server, two laptops and various Compact Disc-Recordable ("CD-R") discs were seized

28    during the search.    After law enforcement officers analyzed the items seized, the law enforcement

1    officers found, on the CD-Rs and one of the laptops, over 600 images and videos of child

2    pornography.  The law enforcement agents have yet to forensically analyze the server.

3        The Defendant now seeks to suppress the child pornography found at his residence. Chanley

4    argues in his Motion to Suppress (#20) that an evidentiary hearing should be held in order to show

5    that the warrant was invalid because it  was  too general and that the warrant did not contain

6    sufficient probable cause.  Furthermore, Chanley argues in his motion that he is entitled to a Franks

7    hearing.  Franks v. Delaware, 438 U.S. 154 (1978).  The Court now decides whether Defendant's

8    Motion to Suppress (#20) should be granted.

9                                          **DISCUSSION**

10       The Fourth Amendment provides, in pertinent part, "[t]he right of the people to be secure in

11   their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST.

12   amend. IV.  The Supreme Court has stated that "[n]o right is held more sacred, or is more carefully

13   guarded, by the common law, than the right of every individual to the possession and control of his

14   own person, free from all restraint or interference of others, unless by clear and unquestionable

15   authority of law."  Terry v. Ohio, 392 U.S. 1, 9 (1968).  This right protects people, and wherever a

16   person may harbor a reasonable expectation of privacy, from all unreasonable searches and seizures.

17   Terry, 392 U.S. at 9.  If a search or seizure is conducted without probable cause or without a valid

18   search warrant, an individual's Fourth Amendment rights are violated . Katz v. United States, 389

19   U.S. 347, 357 (1967).

20   **I. Evidentiary Hearing**

21       In the Ninth Circuit, discretion is given to the Court to determine whether an evidentiary

22   hearing should be conducted on a motion to suppress.  United States v. Walczak, 783 F.2d 433, 857

23   (9th Cir. 1986).  The Ninth Circuit holds that "[a]n evidentiary hearing on a motion to suppress need

24   be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity

25   to enable the trial court to conclude that contested issues of fact exist." United States v. Howell, 231

26   F.3d 615, 620 (9th Cir. 2000).  A defendant is not entitled to a hearing for a pre-trial motion to

27   suppress merely because one is requested; rather, it is the defendant's duty to show that a "significant

28   disputed factual issue" exists.  Howell, 231 F.3d at 621 (citing United States v. Harris, 914 F.2d 927,

933 (7th Cir. 1990).

In the present matter, Chanley has failed to show that any facts arising from the search are in dispute. Defendant's arguments are all based on legal theories, none of which give this Court the impression that a contested issue of fact exists. The Court concludes that an evidentiary hearing is not necessary to rule on the Motion to Suppress (#20).

**II. Search Warrant Requirements**

The Fourth Amendment states, in pertinent part, that "no Warrants shall issue, but upon probable cause, supported by Oath on affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. The issuance of a search warrant only requires that probable cause exist to believe that contraband or evidence will be found. When describing the place to be searched and the items to be seized, "the description must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." United States v. Spilotro, 800 F.2d 959, 963 (9th Cir. 1986). This particularity requirement "prevents general, exploratory searches and indiscriminate rummaging through a person's belongings" while also allowing the issuing judge to be "fully apprised of the scope of the search and can thus accurately determine whether the entire search is supported by probable cause." Spilotro, 800 F.2d at 963.

**A. Probable Cause**

When establishing probable cause, a judge must use common sense and consider the totality of the circumstances to reasonably conclude whether there is a "fair probability" and substantial basis that contraband or evidence of a crime will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213, 238-239 (U.S. 1983); see also United States v. Hay, 231 F.3d 630, 634 (9th Cir. 2000). Moreover, a judge is "entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986) (citations omitted). Once a judge has determined that probable cause exists, great deference is given to the judge's finding. United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990).

In the case at hand and based on the totality of the circumstances, the issuing judge had a

1    substantial basis to conclude that probable cause of finding contraband or evidence of a crime at

2    Defendant's residence existed.  The issuing judge was presented with substantial evidence in Gillis'

3    affidavit that enabled the judge to conclude that Chanley was in possession of child pornography.

4    Gillis' affidavit described his prior experience and training and described in great detail the

5    investigation which led law enforcement to the Defendant.  Gillis' affidavit described, in detail, what

6    was written in the letters between the Defendant and Weir.  The affidavit noted that the Defendant

7    sent child erotica pictures, from his residence,  to Weir.  Chanley stated in his letter that the pictures

8    were part of his "collection," and that he used a pay site to get them.  Gillis, in his affidavit,

9    described that in one of the letters, the Defendant stated that he traveled to Washington state to

10   obtain film equipment to start a "confidential printing facility," with "no questions asked," for people

11   sharing Defendant's tastes in young boys and children.  Furthermore, Gillis' affidavit described in

12   great detail how people often obtain child pornography through pay sites and developing images in

13   private, and that most collectors keep these images for years, since it is illegal and difficult to obtain.

14   Lastly, Gillis' affidavit included Chanley's prior criminal history, sexually assaulting a child.  Based

15   on Gillis' affidavit and the totality of the circumstances, sufficient information was provided to

16   enable the judge to determine that probable cause existed.

17          Chanley next argues that there was not a sufficient nexus between his residence and the child

18   pornography.  The Court finds that a sufficient nexus did exist between the Defendant's residence

19   and the child pornography.  Chanley is a registered sex offender and was registered to reside at 516

20   Mona Lane, Henderson, Nevada.  The letters sent to Weir, were sent from the Defendant's residence.

21   Along with the letters, several child erotica pictures where sent by the Defendant which he said were

22   part of his "collection."  Chanley said that he used a pay site to obtain some of the pictures in his

23   collection and that he wanted to start his own private printing facility to develop pictures of young

24   boys and children.  Based on the totality of the circumstances as provided  in Gillis' affidavit, a

25   sufficient nexus existed between the Defendant's residence and the child pornography.  Thus,  the

26   issuing judge was correct in determining that probable cause of finding child pornography at the

27   Defendant's residence existed.

28   . . . .

**B. General Warrant**

Under Rule 41 of the Federal Rules of Criminal Procedure, a state court judge may "issue a warrant to search for and seize a person or property located within the district." FED. R. CRIM. P. 41(b)(1). A warrant may be issued for any of the following: "(1) evidence of a crime; (2) contraband, fruits of crime, or other items illegally possessed; (3) property designed for use, intended for use, or used in committing a crime; or (4) a person to be arrested or a person who is unlawfully restrained." FED. R. CRIM. P. 41©. Under the Fourth Amendment, a search warrant must particularly describe the place to be searched and the person or things to be seized. U.S. CONST. amend. IV. When determining whether a description is sufficiently precise, courts have looked at the following: "(1) whether probable cause exists to seize all items of a particular type described in the warrant;" (2) "whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not;" and (3) "whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued. Spilotro, 800 F.2d at 963.

In the matter at hand, Chanley argues that the search warrant executed on his residence is general because it does not specifically state that the Defendant committed a crime, and therefore, the search warrant is void. The Court finds that the search warrant executed on Defendant's residence was not an unconstitutional general warrant. There is no requirement that the warrant itself contain a description of the crime, it only requires particularity in describing the place to be searched and persons or things to be seized. United States v. Weber, 923 F.2d 1338, 1342 (9th Cir. 1990). In the present matter, the supporting affidavit attached to the original warrant particularly described that the property to be searched constituted "evidence, which tends to demonstrate the criminal offense of:" Nevada Revised Statute 200.725, and Nevada Revised Statute 200.370, possession of child pornography. (Search Warrant Aff. at ¶ 15). It is was not necessary that the warrant and affidavit state that Defendant committed a crime; the reference that the property to be searched contained evidence of a crime was sufficient.

. . . .

. . . .

1    Applying Spilotro, to the warrant and supporting affidavit, probable cause existed to seize

2  all the items described in the warrant.   800 F.2d at 963.  Second, objective standards were set to

3  enable the executing officers to differentiate the items subject to seizure from those which were not,

4  and no evidence was provided to the contrary.  Lastly, the government was not able to describe the

5  items more particularly than what was described in light of the information available to it at the time

6  the warrant was issued.   800 F.2d at 963.  The Fourth Amendment requires that a warrant

7  particularly describe the place to be searched and the things to be seized, and here, the warrant along

8  with the supporting affidavit met this requirement.

9  **III. Franks Hearing**

10    The Supreme Court has stated that in limited circumstances a defendant may inquire into the

11  accuracy and veracity of statements contained in the search warrant affidavit in order to challenge

12  the contents. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). "[W]here the defendant makes a

13  substantial preliminary showing that a false statement knowingly and intentionally, or with reckless

14  disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false

15  statement is necessary to the finding of probable cause, the Fourth Amendment requires that a

16  hearing be held at the defendant's request." Franks v. Delaware, 438 U.S. at 156. The Ninth Circuit

17  Court of Appeals has established a five prong test that the defendant must satisfy before a Franks

18  hearing is required.  United States v. Kiser, 716 F.2d 1268, 1271 (9th Cir. 1983).  The  five prong

19  test requires: (1) "the defendant must make specific allegations that indicate the portions of the

20  warrant claimed to be false;" (2) "[t]here must be a contention of deliberate falsehood or reckless

21  disregard for the truth;" (3) "[t]he allegations must be accompanied by a detailed offer of proof,

22  preferably in the form of affidavits;" (4) "[t]he offer of proof must challenge the veracity of the

23  affiant;" and (5) "the challenged statements in the affidavit must be necessary to a finding of

24  probable cause." Kiser, 716 F.2d at 1271 (citations omitted).

25    In the present matter, the Court finds that Chanley has failed to meet any of the requirements

26  that would compel the Court to conduct a Franks hearing.

27    First, Chanley has failed to make specific allegations indicating which portions of the

28  affidavit are claimed to be false.  The Defendant merely recited a laundry list of items indicating the

1   search affidavit was invalid.  This list fails to meet the first prong of the test.  Second, Chanley did

2   not contend that a deliberate falsehood or reckless disregard for the truth existed.  The third and

3   fourth prong were not met because no offer of proof was presented by the Defendant.   Lastly,

4   Chanley did not identify any statements which he claimed were false and crucial in the finding of

5   probable cause. Therefore, Chanley is not entitled to a <u>Franks</u> hearing.  <u>United States v. Reeves</u>, 210

6   F.3d 1041, 1044 (9th Cir. 2000).

7

8                                                    **CONCLUSION**

9          The Court concludes that: (1) an evidentiary hearing is not necessary to rule on Defendant's

10   Motion to Suppress (#20); (2) the information provided in the warrant and affidavit was sufficient

11   for the issuing judge to conclude that probable cause existed to search for contraband or evidence

12   of a crime at Defendant's residence; (3) the warrant and affidavit did not need to specifically state

13   that Defendant had committed a crime; and (4) Defendant is not entitled to a <u>Franks</u> hearing because

14   he has failed to make a substantial showing that deliberately or recklessly false statements were

15   included in the search warrant affidavit.  Defendant's Motion to Suppress (#20) should be denied.

16

17                                                  **RECOMMENDATION**

18          Based on the foregoing and good cause appearing therefore,

19          IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the

20   Defendant's Motion to Suppress (#13) be **DENIED**.

21

22                                                        **NOTICE**

23          Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

24   **be in writing and filed with the Clerk of the Court on or before <mark>January 22, 2008.</mark>** The Supreme

25   Court has held that the courts of appeal may determine that an appeal has been waived due to the

26   failure to file objections within the specified time.  <u>Thomas v. Arn</u>, 474 U.S. 140, 142 (1985).  This

27   circuit has also held that (1) failure to file objections within the specified time and (2) failure to

28   properly address and brief the objectionable issues waives the right to appeal the District Court's

1  order and/or appeal factual issues from the order of the District Court.  Martinez v. Ylst, 951 F.2d

2  1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

3        DATED this  _7th_  day of January, 2008 .

4

5

6  _____

7  ROBERT J. JOHNSTON
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28