UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:07-cr-00150-RCJ-RJJ |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARK DAVID CHANLEY, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Mark David Chanley's Motion to Suppress Evidence (#77). The Court has reviewed Defendant's Motion (#77); the Government's Motion to Summarily Dismiss Defendant's Untimely Motion to Suppress Evidence (#78) which the Court will treat as a response to Defendant's motion; Defendant's Reply (#81); and the Government's Reply to Defendant's Reply (#83). At the outset, the court notes that, although styled as a motion to suppress, this is, in actuality, a request for the court to reconsider and reopen prior suppression proceedings. Accordingly, it is appropriate to address the issue by way of an order as opposed to a report and recommendation.

**BACKGROUND**

On July 11, 2007, Defendant Mark David Chanley (Chanley) was indicted on one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* (#1). The indictment also seeks the forfeiture of certain property pursuant to 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B).

1  The indictment was issued after child pornography was found at Chanley's residence during the
2  execution of a search warrant.
3       On July 18, 2007, at his Initial Appearance, Chanley indicated that he was in the process of
4  retaining counsel and requested a five (5) day continuance in order to do so.  *See* Mins. of
5  Proceedings (#7).  A temporary order of detention issued and Chanley was remanded to custody.
6  (#7). On July 25, 2007, at his continued Initial Appearance, Chanley requested an additional ten (10)
7  days in order to retain counsel.  *See* Amended Mins. of Proceedings (#11).  The request was denied
8  and Chanley was appointed counsel. (#11) and  Order Appointing Counsel (#10).  Thereafter,
9  Chanley pleaded not guilty to all counts in the Indictment and was ordered detained pending trial.
10 Order of Detention (#12). On August 2, 2007, the parties filed a joint discovery agreement (#14).
11      On August 6, 2007, approximately ten (10) days following appointment of counsel, Chanley
12 filed a motion to substitute retained counsel, Donald Green, for appointed counsel.  Motion (#15).
13 The motion was granted.  Order (#16). Subsequently, the parties filed a second joint discovery
14 agreement (#17) wherein the Government agreed to disclose "[n]o later than 10 days after
15 defendant's arraignment ... [a]ll search warrants, orders authorizing the interception of wire, oral or
16 electronic communications, and supporting affidavits to evidence that may be offered at trial."
17      On August 28, 2007, the parties filed a stipulation to continue the trial date and pre-trial
18 motions deadline (#18). The stipulation provided that defense counsel "has received discovery from
19 the government."  (#18).  It provided further that the continuances were necessary as "[d]efense
20 counsel [Green] still needs additional time within which to review the files and discovery and, if
21 necessary, coordinate with prior state court defense counsel in order to effectively prepare for pre-
22 trial motions, trial and/or to properly evaluate the case for trial and/or potential pre-trial resolution."
23 (#18). On August 31, 2007, the stipulation was granted.  Order (#19).  Consequently, the pre-trial
24 motions deadline was moved to September 21, 2007, and the trial continued to December 4, 2007.
25 (#19).
26      On September 20, 2007, Chanley filed a Motion to Suppress (#20) challenging the validity
27 of the search warrant used to obtain various incriminating evidence.  Among other things, Chanley
28 specifically alleged that the affidavit in support of the search warrant was not sufficient to establish

probable cause. On January 7, 2008, this Court issued a Report and Recommendation (#27) as to Chanley's Motion to Suppress.[1] The Report and Recommendation, the court addressed Chanley's arguments regarding the issue of whether the affidavit supporting the search was sufficient to allow the reviewing judge to find probable cause. The court found that, based on the totality of the circumstances, that the affidavit supporting the search warrant was sufficient.[2] Chanley was given until January 22, 2008, to file any objections to the Report and Recommendation. No objections were filed. After review and without objection, the Report and Recommendation was adopted. Order (#38).

On December 12, 2008, after the trial had been continued for the fifth time, Chanley submitted an untimely Motion to Suppress (#44) statements he allegedly made to officers during the search of his residence. The court conducted a hearing on the motion which appeared to present either newly discovered or newly disclosed evidence. At the outset the court noted that the motion presented unusual circumstances because Chanley requested the suppression of statements the Government claims were never made–statements that show up in no reports, no recordings, nor any other discovery in this matter. Additionally, the court inquired whether the Government intended to use any of the alleged statements at trial. The Government answered that it was unaware of any inculpatory statements made by Chanley and "could not fathom" what it would use. Chanley was adamant that he made statements and wanted them suppressed. To resolve the issue, the court permitted Chanley to submit an affidavit regarding the alleged statements. It was submitted *ex parte* on January 15, 2009. *See* Sealed Document (#48).

On February 6, 2009, at the continued hearing regarding Chanley's motion (#44), the Government re-asserted that it would not introduce statements made by Chanley during the execution of the search warrant during its case-in-chief. The Government further re-asserted that it was unaware of any inculpatory statements made by Chanley. Accordingly, on February 11, 2009, the

---

[1] On that same date the Court issued an Order granting Chanley's Motion to Strike Surplusage from the Indictment (#21). *See* Order (#28).

[2] Prior to issuing the Report and Recommendation, the parties stipulated to a continuance of the trial date. *See* (#25). The District Court granted the stipulation and continued the trial to March 25, 2008. *See* Order (#26). Notably, the pre-trial motion deadline was not continued. It had already passed.

court granted Chanley's motion to suppress all of the alleged statements set forth in his affidavit (#48). *See* Report and Recommendation (#52). On February 25, 2009, despite having prevailed on his untimely motion to suppress statements, Chanley appealed the findings in the Report and Recommendation.[3] Objection (#54).

Thereafter, the district court granted a sixth stipulation to continue the trial and scheduled a hearing to address Chanley's objections to the Report and Recommendation. Prior to the scheduled hearing, Chanley filed a motion to terminate his retained counsel and for appointment of new counsel (#61). On March 23, 2009, Judge Jones conducted a hearing regarding Chanley's objections to the Report and Recommendation (#52) and his request for new counsel (#61). Judge Jones affirmed and adopted the Report and Recommendation and granted Chanley's request to terminate his retained counsel and obtain appointed counsel.[4] Minutes (#68).

On March 25, the court issued an order appointing the Federal Public Defender (#67). On April 8, 2009, the court issued an order regarding the upcoming trial. *See* Order (#70). On that same date, attorney Richard Frankoff of the Federal Public Defender's office filed a notice of appearance (#71) on behalf of Chanley.[5] On April 10, 2009, Chanley filed his seventh request to continue the trial. Unopposed Motion (#72). On April 15, 2009, during the scheduled calendar call, the court heard arguments regarding the requested continuance. During the hearing, the court reminded the parties of its previous admonishments regarding further requests for continuance. However, after hearing from the parties, the court granted the motion and continued the trial to August 18, 2009. *See* Minutes (#73); *see also* Order (#76).

Thereafter, on July 1, 2009, over three (3) months after the Federal Public Defender was appointed in this matter, Chanley filed the instant Motion to Suppress Evidence (#77) seized during

---

[3] In its response to Chanley's Objection (#54) the Government noted that it "has repeatedly represented, both in its filings and in open court, that defendant made no inculpatory statements to law enforcement during the execution of the search warrant." *See* Govt's Resp. (#60). The Government further stated that it "has repeatedly represented that it has no intention of using these non-existent inculpatory statements from the execution of the search warrant in its case-in-chief." *Id*.

[4] The Court also struck Defendant Chanley's improper *pro per* filing (#65).

[5] Mr. Frankoff was Chanley's appointed counsel until he was replaced by retained counsel.

the search. Chanley requests that this court reconsider and reopen its prior suppression proceedings based on his new argument that the information in the supporting affidavit was stale. Chanley argues that because the information in the supporting affidavit was stale there was no probable cause for issuance of the warrant. Therefore he argues that all evidence seized pursuant to the executed search warrant should be suppressed. In response, the Government contends that the motion is untimely and should be denied. (#78). Chanley concedes the motion is untimely.[6] Chanley also concedes that the court previously addressed the issue of probable cause. However, Chanley claims this motion is necessary in order to preserve the right to appeal this court's adverse ruling on the previous motion, which was not appealed, and to raise an argument regarding probable cause that counsel felt was inadequately presented, if at all, during the prior motion. Thus, although styled as a motion to suppress, this is a motion to reopen or reconsider the court's prior suppression proceedings. The singular issue before the court is whether new arguments regarding a previously addressed issue have been waived under FED. R. CRIM. P. 12(e).

**DISCUSSION**

Federal Rule of Criminal Procedure 12 provides that certain motions must be made before trial, including "a motion to suppress evidence." *See* FED. R. CRIM. P. 12(b)(3). "The court may ... set a deadline for the parties to make pretrial motions." *See* FED. R. CRIM. P. 12(c). Under FED. R. CRIM. P. 12(e), "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." In the Ninth Circuit, "waiver" under Rule 12 does not require the voluntary or intentional relinquishment of a known right. *See United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) ("[w]aiver of the issue need not be particularly informed or voluntary, and the mere failure of a criminal defendant to raise the issue is enough to waive it under Rule 12.").

Nevertheless, to ameliorate the potential harshness of this rule, the court may grant relief

---

[6] It was filed approximately two (2) years after the Indictment and approximately twenty-two (22) months after the Fed. R. Crim. P. 12(c) pre-trial motion deadline.

- 5 -

from the waiver for good cause.[7] FED. R. CRIM. P. 12(e). "The decision whether to grant relief from a Rule 12 waiver is discretionary. *Anderson*, 472 F.3d at 669 (citations omitted). "To obtain relief from waiver under Rule 12(e), a party must present a legitimate explanation for his failure to raise the issue in a timely manner." *Anderson* 472 F.3d at 670 (citation omitted). Here, it is undisputed that the pending motion to suppress is not based on newly discovered evidence. It is undisputed that the pending motion is based on information that has been in Chanley's possession since the inception of this case. It is undisputed that the issue raised in the pending motion was previously raised by Chanley and addressed by the court. It is undisputed that Chanley is attempting to raise the issue again because he believes that he failed to raise all available arguments previously.

On September 20, 2007, one day prior to the Rule 12(c) pre-trial motions deadline, Chanley, through his retained counsel, filed a motion to suppress (#20). The motion raised the issue of whether the affidavit in support of the search warrant was sufficient to establish probable cause. After review, and based on the totality of the circumstances, this court rejected Chanley's arguments and found the affidavit sufficient. The court issued a Report and Recommendation (#27). No objections were filed. The Report and Recommendation was adopted in full by the district court. *See* (#38). Now, after a series of continuances, and almost two (2) years after the Rule 12(c) motion deadline, Chanley, through his newly appointed counselmseeks to raise a new argument, in an untimely motion. Chanley's only support for the untimely motion is that prior counsel did not raise all the potential arguments regarding the issue of probable cause. The mere failure "to raise a particular ground in support of a motion to suppress" does not, of itself, constitute good cause. *United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987) (finding a previously unraised argument to a motion to dismiss does not constitute good cause for relief from a Rule 12 waiver).

Moreover, the fact that newly appointed counsel believes that prior counsel failed to include important arguments in a previous motion to suppress does not constitute good cause for relief from waiver. *See United States v. Wallette*, No. 95-30201, 94 F.3d 654, 1996 WL 468648 (9th Cir. Aug. 16, 1996). In *Wallette*, new defense counsel sought, in the pre-trial phase, to reopen a suppression

---

[7] Contrary to the parties' briefing, the appropriate standard in addressing the issue of waiver under Rule 12 is good cause, not excusable neglect.

hearing which occurred prior to his representation of the defendant. *Id*. at *2. New counsel filed a motion to continue the trial and an untimely motion to reopen the previous suppression hearing arguing that first counsel had failed to include several important arguments in the first motion. *Id*. On appeal of the district court's decision not to reopen the prior suppression hearing, the Ninth Circuit noted that "[t]he district court abuses its discretion if it declines to reconsider when several new issues have become relevant since the time of its original ruling." *Id*. at *3. "Wallette's counsel may have formulated new strategies, but no change in circumstances gave rise to new issues." *Id*. As in *Wallette*, Chanley's new counsel has presented no change in circumstances, no new issues, no new evidence, and no previously undisclosed evidence. As in *Wallette*, the entire universe of facts and evidence available to Chanley's new counsel regarding the affidavit in question was available to prior counsel at the time he filed the motion to suppress. That new counsel may have made different arguments, or formulated a different strategy, standing alone, does not constitute good cause for relief from waiver.

**ORDER**

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that the Defendant's untimely Motion to Suppress (#77) is **DENIED**.

DATED this 10th day of August, 2009.

ROBERT J. JOHNSTON
United States Magistrate Judge

- 7 -