# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK DAVID CHANLEY,

    Defendant.

Case No. 2:07-cr-00150-LDG (RJJ)

**F.R.CR.P Rule 23 Findings and ORDER**

This matter was tried to the court on April 19, 2010. The parties have submitted closing arguments in writing, and the defendant, Mark Chanley, has timely requested that the court state its specific findings of fact pursuant to Federal Rule of Criminal Procedure 23(c).

<u>Receipt of Child Pornography</u>

To convict Chanley of receipt of child pornography, the government has the burden of showing beyond a reasonable doubt that Chanley (a) knowingly received (b) any child pornography or any material that he knew contained child pornography (c) that was mailed, shipped, transported in, or affected interstate or foreign commerce by any means, including by computer (hereafter, the interstate nexus).

Chanley stipulated that all images and videos entered into evidence are child pornography.  The court finds, beyond a reasonable doubt, that printed images stored in the Exhibit 1 folder are child pornography, that images and videos stored on Exhibits 3A, 3B, and 3C, are child pornography, and that the images and videos offered into evidence on Exhibits 6, 8 and 9 are child pornography.

Chanley stipulated that the images and videos contained in Exhibits 8 and 9 were produced outside of Nevada.  At least three of the videos contained in Exhibit 6 were produced outside of Nevada.  All of the images and videos were seized in Nevada during the execution of the search warrant.  The file path for at least two images stored on the Exhibit 4 computer, "P1010083_0.JPG" and "P1010347.jpg" includes the term "alt.fan.prettyboy," which term is the name of a usenet site on the internet.  The file path for images on the Exhibit 3B CD includes the terms "alt.bainaries.pictures.boys.barefoot," "alt.sex.boys," and "alt.sex.pedophelia.boys."  The file paths that include these terms were used to store images of child pornography on Exhibit 3B.  Numerous images of child pornography on Exhibit 3B include text referencing the internet or internet websites or addresses.  Child pornography on Exhibit 3A was from the KDV series produced in Russia. Numerous images of child pornography include text indicating its production in Russia. The court finds, beyond a reasonable doubt, that at least the following images and videos meet the element of an interstate nexus: images and video on Exhibits 3A, 3B, or 3C for which the file name or content indicates it is part of the KDV series or was otherwise produced in Russia; images on Exhibit 3B whose file path includes the terms "alt.bainaries.pictures.boys.barefoot," "alt.sex.boys," and "alt.sex.pedophelia.boys; images of child pornography on Exhibits 3A, 3B, and 3C whose content includes text–such as ".com"–referencing the internet; three videos on Exhibit 6–"RIDING DADDY.mpg," "AO6.mpg," and "pr_16_mpeg384.mpg"–; and, all of the images and videos on Exhibits 8 and 9.

2

1        A total of 512 images and 22 videos were recovered from three different computers
2   (Exhibits 2, 4 and 5), three CDs (Exhibits 3A, 3B, and 3C), and a folder containing printed
3   images (Exhibit 1).  The three computers, three CDs, and the folder of printed images were
4   located in a single residence.  With the exception of one computer, the other items were
5   located in a single bedroom within the residence.  The images and videos depict young
6   boys.
7        The file path for images on the Exhibit 4 computer includes the name of a usenet
8   group: "alt.fan.prettyboy."  The file path for images on the Exhibit 3B includes the terms
9   "alt.bainaries.pictures.boys.barefoot," "alt.sex.boys," and "alt.sex.pedophelia.boys.
10       Each of Exhibits 3A, 3B, and 3C, have a label with a visual depiction of a minor boy
11  wearing only underwear.  That image is also stored on Exhibit 3B.  The printed images in
12  Exhibit 1 included a page displaying multiple images of young boys.  On that printed page,
13  some images depict young boys wearing only underwear while other images depict young
14  boys without any clothing.
15       The file name for one of the videos recovered on the Exhibit 4 computer, and
16  contained on Exhibit 8, is "RIDING DADDY.mpg."  An identical video with the identical
17  name, contained on Exhibit 6, was recovered from the Exhibit 2 laptop computer.  The file
18  name for one of the videos recovered on the Exhibit 2 laptop computer was "Sasha
19  Orgasm.asf."  A file name for an image on Exhibit 3B is "NakedCanvas1.jpg."
20       Names generally given to males are used in the file names for numerous images of
21  young boys.  The file path for numerous black and white images on Exhibit 3B CD includes
22  the term "Black & White."  The file name for these images includes the term
23  "boys_in_black_white."
24       The file names for numerous images use a term followed by a nearly sequential
25  number.  The images appurtenant to these file names depict images of a very similar
26  nature.  In addition, the file names for numerous images use a term followed by a

sequential number.  The images appurtenant to these file names depict a sequence of images, as if the images were individual frames of a video or were captured at a regular and short interval.

The file paths for images stored on both the Exhibit 2 laptop computer and the Exhibit 4 computer both used the term "SOV."  The six videos presented into evidence as part of Exhibit 6, which were recovered from the Exhibit 2 laptop computer, have identical content and names as six videos stored on the Exhibit 4 computer.  Exhibit 8 contains three of the video files recovered from the Exhibit 4 computer that are identical to three of the videos recovered from the Exhibit 2 laptop computer–"RIDING DADDY.mpg," "AO6.mpg," and "pr_16_mpeg384.mpg."  Both the Exhibit 2 laptop computer and the Exhibit 3B CD contain a video named "Sasha.avi."  The image on Exhibit 9, which was recovered from the Exhibit 5 computer, is identical to an image on the Exhibit 3B CD.

The label attached to the Exhibit 3A CD uses the term "BS-2".  The label attached to the Exhibit 3B CD uses the term "BS-6".  The label attached to the Exhibit 3C CD uses the term "BS-7."  The file path for at least one image found on the Exhibit 5 computer includes a similar term: "BS4."

The file paths of images containing similar depictions use similar terms.  The file paths indicate that images containing similar depictions were organized by content.

The court finds, beyond a reasonable doubt, that each image of child pornography–for which the court has found an interstate nexus–was knowingly received.  This finding arises from the above-described numerosity of images and videos depicting young boys, the use of sexual terms (including "sex.boys" and "sex.pedophelia.boys") in the file paths of images, the use of sexual terms in file names of images, the organization of images based upon the content of the image, the use of similar terms in the organization of the images, the use of similar terms in the organization of the images across different computers and CDs, the use of similar or identical terms in the naming of files of images

depicting similar content, and the storage of identical copies of images and videos on more than one computer or on a computer and a CD.

The court also finds, beyond a reasonable doubt, that the defendant, Mark David Chanley, is the individual who knowingly received each image of child pornography having an interstate nexus. Chanley used the alias "Marco Cianciulli." The file path for images found on two of the computers, Exhibits 4 and 5, used the term "Marco." At the time the Exhibit 5 computer was seized, the computer was powered on and its screen displayed that the user name was "Marco." A ".txt" file stored on the Exhibit 3B CD contains the following text: "File: C:\Documents and Settings\MDC\My Documents\sov\BScap\bscap042.txt." MDC are the initials of the defendant, Mark David Chanley. The Exhibit 2 laptop and Exhibit 4 computer, the Exhibit 3A, 3B, and 3C CDs, and the folder of printed images were all located in a single bedroom. The room contained mail addressed to the defendant and mail addressed to "Marco Cianciulli." No other item was located in that bedroom indicating the room was used by any person other than Chanley. Accordingly, the bedroom in which these items were located was Chanley's bedroom. The Exhibit 3A, 3B, and 3C CDs were located in Chanley's bedroom, used labels that contained a depiction of a minor boy in underwear, which image was also stored on Exhibit 3B, and which image is similar to printed images found in a filing cabinet located in his bedroom. These facts, taken as a whole, convince the court beyond a reasonable doubt that the defendant knowingly received all of the images and videos, whether printed, or stored on the three computers, or stored on the three CDs. More specifically, the court finds that the defendant knowingly received the images of child pornography for which the court has found an interstate nexus.

The court also finds that Chanley knowingly received each of the images of child pornography having an interstate nexus within the five-year statute of limitations. Each file of an image or video has a creation date and modification date during the months of

1  January, February, March, or April 2007.  In addition, numerous image files include
2  information indicating the date the image was taken and the type of camera or device used
3  to capture the image.  For many of these images, including images of child pornography,
4  the date the image was taken occurs during the limitations period, with some being taken in
5  2005 and 2006.  The Exhibit 3B CD also contains a text file with the file name "Official FAQ
6  of The Fort.txt."  The fourth and fifth lines of text in that file state the document is
7  "Frequently Asked Questions for alt.fan.prettyboy" and "[revised 16 Mar 2004]."  As
8  previously noted, alt.fan.prettyboy is a usenet site on the internet.  The term
9  "alt.fan.prettyboy" was used in the file path for images of child pornography stored on the
10 Exhibit 4 computer.  Other text within the Frequently Asked Questions file indicates dates
11 of March 17, 2004, and September 12, 2004.  These dates indicate receipt of the text file
12 could not have occurred prior to September 12, 2004.  The court finds, from this evidence,
13 that Chanley knowingly received, during the limitations period, the images of child
14 pornography having an interstate nexus.
15      Accordingly, the court finds that the government has shown, beyond a reasonable
16 doubt, each element necessary to find the defendant guilty of violating 18 U.S.C.
17 §2252A(a)(2) as to the images and video on Exhibits 3A, 3B, or 3C for which the file name
18 or content indicates it is part of the KDV series or was otherwise produced in Russia;
19 images and videos of child pornography contained on Exhibit 3B whose file path includes
20 the terms "alt.bainaries.pictures.boys.barefoot," "alt.sex.boys," or "alt.sex.pedophelia.boys;"
21 the images of child pornography on Exhibits 3A, 3B, and 3C in which the image also
22 depicts text referencing the internet, such as ".com;" the three videos on Exhibit 6–"RIDING
23 DADDY.mpg," "AO6.mpg," and "pr_16_mpeg384.mpg"–; and, each of the images and
24 videos on Exhibits 8 and 9.
25
26

Possession of Child Pornography

To convict Chanley of possession of child pornography, the government has the burden of showing beyond a reasonable doubt that Chanley (a) knowingly possessed (b) any child pornography or any material that he knew contained child pornography (c) that was mailed, shipped, transported in, or affected interstate or foreign commerce by any means, including by computer, or was produced using materials mailed, shipped, or transported in, or affecting interstate or foreign commerce by any means, including by computer (the interstate nexus for possession).

The court incorporates its previously stated findings, and again finds beyond a reasonable doubt, that printed images stored in the Exhibit 1 folder are child pornography, that images and videos stored on Exhibits 3A, 3B, and 3C, are child pornography, and that the images and videos offered into evidence on Exhibits 6, 8 and 9 are child pornography.

The court further incorporates its previously stated findings, and again finds beyond a reasonable doubt, that at least the following images and videos have an interstate nexus for possession: images on Exhibit 3B whose file path includes the terms "alt.bainaries.pictures.boys.barefoot," "alt.sex.boys," and "alt.sex.pedophelia.boys;" images of child pornography on Exhibits 3A, 3B, and 3C whose content includes text–such as ".com"–referencing the internet; three videos on Exhibit 6–"RIDING DADDY.mpg," "AO6.mpg," and "pr_16_mpeg384.mpg"–; and, all of the images and videos on Exhibits 8 and 9.  Further, as Chanley stipulated that the Exhibit 3A, 3B, and 3C CDs were manufactured outside of Nevada, and as Exhibits 3A, 3B, and 3C were seized within Nevada, the court finds beyond a reasonable doubt that each image or video of child pornography on Exhibits 3A, 3B, or 3C has an interstate nexus for possession.

In addition, the court incorporates its previously stated findings that the images and videos of child pornography were knowingly received as those findings also support, beyond a reasonable doubt, the court's finding that each image and video of child

pornography having an interstate nexus for possession was knowingly possessed. This finding that the images were knowingly possessed arises from the previously-described findings showing the numerosity of images and videos depicting young boys, the use of sexual terms (including "sex.boys" and "sex.pedophelia.boys") in the file paths of images, the use of sexual terms in file names of images, the organization of images based upon the content of the image, the use of similar terms in the organization of the images, the use of similar terms in the organization of the images across different computers and CDs, the use of similar or identical terms in the naming of files of images depicting similar content, and the storage of identical copies of images and videos on more than one computer or on a computer and a CD.

The court incorporates its previously stated findings that Chanley was the individual that knowingly received the images and videos of child pornography as those findings also support the finding, beyond a reasonable doubt, that Chanley was the individual that knowingly possessed each image and video of child pornography for which there is an interstate nexus for possesion.

In addition, Chanley's knowing possession of each image and video of child pornography occurred within the statute of limitations, and the court incorporates its prior statute of limitations findings, and further finds that Chanley possessed each image and video of child pornography on the date and in the months preceding the seizure of those images and videos.

Accordingly, the court finds that the government met its burden of proving, beyond a reasonable doubt, each element necessary to find the defendant guilty of violating 18 U.S.C. §2252A(a)(5)(B) as to the images and videos of child pornography contained on Exhibits 3A, 3B, 3C; the three videos on Exhibit 6–"RIDING DADDY.mpg," "AO6.mpg," and "pr_16_mpeg384.mpg"–; and, each of the images and videos on Exhibits 8 and 9.

Therefore, for good cause shown,

THE COURT **FINDS** the Defendant, Mark David Chanley, **GUILTY** of the offense charged in Count 1 of the Indictment herein;

THE COURT **FINDS** the Defendant, Mark David Chanley, **GUILTY** of the offense charged in Count 2 of the Indictment herein;

THE COURT **ORDERS** that a Judgment of Conviction shall be entered against the defendant SOLELY as to Count 1 of the Indictment herein;

THE COURT **FURTHER ORDERS** that a Judgment of Conviction shall not be entered but shall be stayed as to Count 2 of the Indictment herein, and such stay of the conviction as to Count 2 is without prejudice to the entry of a Judgment of Conviction as to Count 2 should the Defendant's conviction on Count 1 be overturned on direct or collateral review.

DATED this 12 day of May, 2010.

Lloyd D. George
United States District Judge