# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK DAVID CHANLEY,

    Defendant.

Case No. 2:07-cr-150-LDG (RJJ)

**ORDER**

    The defendant, Mark Chanley, moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (#180). The government opposes the motion (#183), and Chanley has filed his reply (#184).

    Pursuant to Rule 29(c), a defendant may renew a motion for acquittal within 14 days after a guilty verdict. Chanley timely moved for a judgment of acquittal pursuant to Rule 29(a), which the court denied. Pursuant to Rule 29(a), "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The court denied Chanley's Rule 29(a) motion after considering the evidence in the light most favorable to the Government and finding that a rational trier of fact could find each element of each crime beyond a reasonable doubt.

Further, Chanley elected to have this matter tried to the court and he timely moved pursuant to Rule 23(c) for specific findings of fact. The court found that the government proved each element of each crime beyond a reasonable doubt after carefully and impartially considering all of the evidence as the trier of fact.

Chanley's Rule 29(c) motion necessarily requires the court to again consider the evidence in the light most favorable to the government and to again determine whether a rational trier of fact would find each element of each crime beyond a reasonable doubt.

The court will deny the renewed motion for acquittal.

**Receipt of Child Pornography**

To convict Chanley of receipt of child pornography, the government has the burden of showing that Chanley (a) knowingly received (b) any child pornography or any material that he knew contained child pornography (c) that was mailed, shipped, transported in, or affected interstate or foreign commerce by any means, including by computer (hereinafter, the interstate nexus). The totality of the evidence, when considered as a whole, established beyond a reasonable doubt that, within the five-year statute of limitations, Chanley knowingly received images of child pornography having an interstate nexus.

**Possession of Child Pornography**

To convict Chanley of possession of child pornography, the government had the burden of showing that Chanley (a) knowingly possessed (b) any child pornography or any material that he knew contained child pornography (c) that was mailed, shipped, transported in, or affected interstate or foreign commerce by any means, including by computer, or was produced using materials mailed, shipped, or transported in, or affected interstate or foreign commerce by any means, including by computer (hereinafter the interstate nexus for possession). The totality of the evidence, when considered as a whole, established beyond a reasonable doubt that, within the five-year statute of limitations, Chanley knowingly possessed images of child pornography having an interstate nexus.

**Double Jeopardy**

Chanley's double jeopardy argument fails for two reasons. First, this court entered a judgment of conviction only as to Count 1 of the Indictment. Second, Chanley's judgment of conviction for the greater offense does not entitle him to a judgment of acquittal for the lesser-included offense. In *United States v. Davenport*, 519 F.3d 940, 948 (9th Cir. 2008), the Ninth Circuit remanded with instructions to vacate the "conviction on one of the two counts, <u>allowing for it to be reinstated without prejudice</u> if his other conviction should be overturned on direct or collateral review " (emphasis added). The Ninth Circuit's instruction to vacate a conviction *without prejudice* to it being reinstated necessarily establishes that the defendant was not acquitted of the lesser-included offense by reason of his conviction for the greater offense.

Accordingly, for good cause shown,

**THE COURT ORDERS** that Mark David Chanley's Rule 29(c) Motion for Judgment of Acquittal is DENIED.

DATED this ____ day of August, 2010.

_____
Lloyd D. George
United States District Judge

3