# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK DAVID CHANLEY,

    Defendant.

Case No. 2:07-cr-00150-LDG

**ORDER**

    The defendant filed a notice of appeal (ECF No. 293) of this Court's denial (ECF No. 286) of his Motion to Void Judgment (ECF No. 283). The Court of Appeals remanded for the limited purpose of granting or denying a certificate of appealability.

> Because the denial of a motion under [Federal] Rule [of Civil Procedure] 60(b) is reviewable only for an abuse of discretion and a certificate of probable cause should issue only when a habeas petitioner has made a "substantial showing of the denial of a federal right," *Barefoot v. Estelle*, 463 U.S. 880, 893 [103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090] (1983), a certificate of probable cause to appeal the denial of Lindsey's Rule 60(b) motion should issue only if Lindsey has made a substantial showing that the district court abused its discretion by denying the Rule 60(b) motion.

*Lynch v. Blodgett*, 999 F.2d 401, 402–03 (9th Cir. 1993) (*quoting Lindsey v. Thigpen*, 875 F.2d 1509, 1512 (11th Cir.1989)).

While the defendant asserted that his Motion to Void Judgment Due to Lack of Subject Matter Jurisdiction was brought pursuant to Rule 60(b), he did not actually seek any relief from the judgment entered in his 42 U.S.C. §2255 proceedings. Rather, the arguments raised by the defendant, and the relief sought, instead concerned his underlying judgment of criminal conviction. Accordingly, as the defendant's motion did not challenge the judgment entered in the defendant's §2255 proceedings, but instead challenged his criminal conviction (and thus was a successive, and unpermitted, §2255 motion),

THE COURT **DENIES** a Certificate of Appealability as to the defendant's appeal of this Court's Denial of his Motion to Void Judgment Due to Lack of Subject Matter Jurisdiction.

DATED this \_\_8\_\_ day of June, 2018.

*[signature]*
Lloyd D. George
United States District Judge